## MARY BURGESS *et al. vs.* S. H. COOPER *et al.*

### IN EQUITY.    BEFORE ALLEN, C.J.

### JULY, 1872.

A Justice of this Court, sitting in probate, approved the accounts of an administrator and distributed the estate. The heir-at-law was decedent's mother, who had died in England, leaving a will by which she devised all her interest in her son's estate to her other children, also in England. A certified copy of the will was produced in the Probate Court here, upon the proceedings in administration, but the will was not probated here, and the Probate Court remitted to the heirs under said will the amount due them, receiving their receipt in due course.

In an action by said heirs to foreclose a mortgage held by them as part of said estate, held, on demurrer, that although the proceedings in the Probate Court were irregular, yet no appeal or writ of error was taken from them, and they cannot be attacked in the present action.

## DECISION OF ALLEN, C.J.

The complainants in this bill allege that they are the brothers and sisters of Edward Burgess, late of Honolulu, who died intestate on or about the 24th day of July 1870, and that by the law of this Kingdom, Mary Burgess, the mother of Edward Burgess and of the complainants, was the sole heir of said Edward Burgess; and further, that said Mary Burgess died on or about the 18th day of February, 1871, testate, and by her will she devised all her right and interest in the estate of her son Edward Burgess to the complainants in the proportions therein set forth. And it is further alleged that in due course of administration of the estate of Edward Burgess, an order of distribution of his estate was made, including four certain promissory notes of $1000 each, executed by Steward Hamilton Cooper and secured by mortgage on real and personal estate, situate and being in Honolulu, bearing date December 28, 1869, with semi-annual interest at 10 per cent. per annum, two of which notes, amounting to $2000 and interest, have become due, and are unpaid.

It is further alleged that William L. Green has, or claims, some interest in the mortgaged premises as one of the executors and trustees under the will of William A. Cooper, deceased, the brother of the defendant, and also as assignee of the defendant.

The complainants in their petition set forth the usual prayer for a decree of foreclosure of the mortgage of the premises conveyed by said Cooper to Edward Burgess.

The respondent Cooper makes answer to the several allegations in the bill, and among other things that he is informed and believes that the alleged will of said Mary Burgess, deceased, has not been proved before any Court of competent jurisdiction within this Kingdom, and upon this allegation,

which has been regarded in the nature of a demurrer to the bill, the argument has mainly been had.

It appears by the record of the Court that on the settlement of the administrator's accounts, an order of distribution was made, after notice to the complainants, in conformity with the will of Mary Burgess, who resided in England, and who had deceased at a date prior to the distribution. A duly authenticated copy of the will of Mary Burgess was filed in Court. This decree was made on the 18th of August last, and on the 27th of September following, a receipt was filed by these complainants, acknowledging the receipt of all the estate of Edward Burgess, deceased, in the hands of the administrator, and the order of distribution to the complainants was made absolute. No appeal was taken to this decree nor any writ of error instituted within the period prescribed by law. The decree then is not subject to our revision in this proceeding, and it follows that the legal rights of the complainants, as awarded by the decree, must be enforced by the Court. By the decree the notes secured by the mortgage had become the property of the complainants, and of course they are the proper parties to a suit to enforce the collection.

As the decree now stands, an administrator with the will annexed could not obtain possession of the property distributed, for it has already vested. A final decree regularly obtained cannot be altered in this Court, except by the modes prescribed by law.

It is contended by the counsel for respondent that the will of Mary Burgess should have been proved and admitted to probate before it could be made the basis of any legal proceedings, and there is great force in the position of the counsel that the distribution could not be legally made to complainants as the heirs of Edward Burgess, although it was made by the interposition of the will of the mother, who was the heir of the whole property and by her devised to complainant. The defendant had notice to interpose objections to any proceedings had upon the estate of Edward Burgess, which he failed to make,

and it is not competent to make them in this suit while the decree making the distribution is in force.

It is proper for the Court to say that it does not appear that any injustice has been done, and some expense may have been saved the estate. The rights of the respondent are certainly the same in the defense of this suit as they would have been had an administrator been appointed with the will annexed of Mary Burgess, and a suit instituted by him.

This objection in the nature of a demurrer is overruled.

*R. H. Stanley,* for plaintiffs.

*J. Montgomery & E. Preston,* for defendants.

July 5, 1872.